UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LATONYA JAMISON et al.,     Plaintiffs,

v.     Civil Action No. 3:24-cv-18-DJH-CHL

UNITED STATES OF AMERICA and JOE FOX,     Defendants.

\* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

This case arises out of the death of Omari Cryer during a joint law-enforcement effort among the U.S. Marshals Service (USMS), Louisville Metro Police Department (LMPD), and the Kentucky State Office of Probation and Parole. (Docket No. 1, PageID.124 ¶ 1; PageID.128 ¶ 25) Plaintiffs, on behalf of Cryer's estate and as next friends of his minor children, sued the USMS, along with LMPD officers Brian Evanoff and Joe Fox in their individual capacities, asserting claims under the Federal Tort Claims Act, as well as state-law claims of negligence and loss of consortium. (*Id*., PageID.133–35 ¶¶ 61–82) Plaintiffs later amended their complaint, substituting the United States for the USMS. (*See* D.N. 20) The United States was also substituted for Defendant Evanoff pursuant to the Federal Employees Liability Reform and Tort Compensation Act.[1] (D.N. 28; *see* D.N. 25, PageID.267 (citing 28 U.S.C. § 2679)) Fox[2] now moves to dismiss for failure to state a claim, arguing that he had no supervisory authority over the Deputy U.S.

---

[1] The United States was substituted for Evanoff because he was acting within the scope of his duties as an employee of the USMS. (D.N. 25) Under the Westfall Act, when the Attorney General or their designee certifies (*see* D.N. 25-1) that a federal employee was acting within the scope of their federal employment at the time the incident occurred, the United States becomes the proper defendant in the action. 28 U.S.C. § 2679(d)(1), (2); *see also Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008).

[2] The motion to dismiss was initially filed on behalf of both Fox and Evanoff, prior to the substitution of the United States for Evanoff. (*See* D.N. 21)

1

Marshal who shot Cryer and that Plaintiffs fail to allege that he breached a supervisory duty in any event. (D.N. 21) After careful consideration, the Court will grant the motion to dismiss for the reasons set forth below.

## I.

The Court "take[s] the facts only from the complaint, accepting them as true as [it] must do in reviewing a 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(6)). In spring 2022, the USMS, the LMPD, and the Office of Probation and Parole undertook "Operation Louisville Washout '22" to locate and arrest violent gang members with outstanding warrants in Jefferson County. (D.N. 20, PageID.222 ¶ 24 (citing D.N. 1-4)) Fox had a supervisory role in the operation. (*Id.* ¶¶ 26–27 (citing D.N. 1-4, PageID.26)) Deputy U.S. Marshal Michael Donavan Marcell was the leader of the team assigned to apprehend Cryer, who was subject to an outstanding warrant for his arrest.[3] (*Id.*, PageID.223 ¶¶ 30–31) Marcell shot and wounded Cryer after Cryer fell while attempting to flee. (*Id.*, PageID.224 ¶ 42) Cryer died as a result of the shooting. (*Id.*, PageID.226 ¶ 51 (citing D.N. 1-6))

Plaintiffs assert claims of negligence and loss of consortium. (*Id.*, PageID.229-30 ¶¶ 71-82) They allege that Fox "had affirmative ministerial duties to plan, train, supervise, and oversee the operation to apprehend . . . Cryer, to ensure that a plan was in place where only proper legal force was used, to avoid the use of deadly force if objectively unreasonable, and to ensure that" Cryer's rights were not violated. (*Id.*, PageID.229 ¶ 73) Plaintiffs allege that Fox "breached these ministerial duties by failing to plan, train, oversee, or supervise the operation to apprehend . . . Cryer[,] which breach[] was a substantial factor in . . . Cryer being shot and killed

---

[3] Fox was not listed as a member of the team. (*See* D.N. 1-4, PageID.25)

2

by [Deputy] Marshal Marcell." (*Id.* ¶ 74) As a result, Plaintiffs allege, Cryer experienced "extreme pain and suffering," "extreme emotional distress," and death; his estate suffered funeral expenses and permanent impairment of power to earn money; and his minor children suffered the loss of their father. (*Id.* ¶¶ 75–77)

Fox moves to dismiss, arguing that he did not have a supervisory role over Marcell and that the plaintiffs "provided no factual basis for the negligence and loss of consortium claims." (D.N. 21, PageID.252–53) The United States responded in support of Fox's argument, noting that "while both LMPD officers and [task force officers], such as Brian Evanoff, may participate in USMS operations, neither LMPD officers nor TFOs have any supervisory authority over the operation or USMS Deputy Marshals." (D.N. 27, PageID.292) Plaintiffs maintain that their allegations are sufficient. (D.N. 23)

## II.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[4] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supposed by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer

---

[4] The motion to dismiss cites the outdated "no set of facts" standard (D.N. 21, PageID.251), which was abandoned in *Twombly*. *See* 550 U.S. at 562-63.

more than mere possibility of misconduct" fails to show that the plaintiff "is entitled to relief," Fed. R. Civ. P. 8(a)(2), and thus will not withstand a motion to dismiss. *Iqbal*, 556 U.S. at 679.

**A.     Negligence**

To state a claim of negligent supervision and training under Kentucky law, "the plaintiff must allege that 'the defendant knew or had reason to know of the employee's harmful propensities; that the employee injured the plaintiff; and that the hiring, supervision, or retention of such an employee proximately caused the plaintiff's injuries.'" *Dukes v. Mid-E. Ath. Conf.*, 213 F. Supp. 3d 887, 890-91 (W.D. Ky. 2016) (quoting *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005)); *see also Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003); *Short v. Marvin Keller Trucking, Inc.*, 570 F. Supp. 3d 459, 467 n.4 (E.D. Ky. 2021). Here, Plaintiffs allege only that Fox had supervisory and training duties as to the operation and that they breached those duties, resulting in Cryer's death. (D.N. 20, PageID.218 ¶ 1, PageID.221 ¶ 19, PageID.222 ¶ 27, PageID.226-27 ¶¶ 56-57, PageID.229 ¶¶ 72-77) The amended complaint contains no factual allegations suggesting that Fox "knew or had reason to know of [Marcell's] harmful propensities" or that Fox's training or supervision of Marcell "proximately caused [Cryer's] injuries." *Dukes*, 213 F. Supp. 3d at 890-91 (citation omitted). Indeed, the complaint contains "no facts regarding [Marcell]'s training at all." *Snider v. City of Lyndon*, No. 3:23-cv-486-RGJ, 2024 U.S. Dist. LEXIS 111493, at *28 (W.D. Ky. June 24, 2024). Because the plaintiffs offer "mere conclusory statements" in support of their negligence claim, they fail to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678; *see Snider*, 2024 U.S. Dist. LEXIS 111493, at *28. The Court will therefore dismiss Plaintiffs' negligence claim against Fox.

### B. Loss of Consortium

Under Kentucky law, "loss of consortium is a separate action, but it is 'derivative' of the underlying claim." *Burgett v. Troy-Bilt LLC*, 970 F. Supp. 2d 676, 685 (E.D. Ky. 2013) (citing *Boggs v. 3M Co.*, No. 11–57, 2012 WL 3644967, at *12 (E.D. Ky. Aug. 24, 2012); *Floyd v. Gray*, 657 S.W.2d 936, 941 (Ky. 1983)). Thus, because Plaintiffs' underlying negligence claim fails, the loss-of-consortium claim must likewise be dismissed. *See Norton v. Canadian Am. Tank Lines*, No. CIV.A 06-411-C, 2009 WL 931137, at *2 (W.D. Ky. Apr. 3, 2009) (citing *Daley v. Reed*, 87 S.W.3d 247 (Ky. 2002)).

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Fox's motion to dismiss (D.N 21) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Joe Fox as a defendant in the record of this matter.

March 19, 2025

David J. Hale, Judge
United States District Court